[Civ. No. 10125.   Second Appellate District, Division One.—June 9, 1936.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. FRANK L. MELINE et al., Respondents.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Thatcher J. Kemp and Arthur Loveland, Deputies City Attorney, for Appellant.

Walter H. Hewicker for Respondents.

WHITE, J., *pro tem.*—The City of Los Angeles, a municipal corporation, appeals from a judgment against it and in favor of the defendants growing out of an action based upon a bond to plaintiff as obligee, executed by defendants Frank L. Meline, Leonore M. White and Henry Lichtig, as joint trustees for the Franklin Park Company, a trust, as principals, and by defendant American Surety Company of New York as surety, guaranteeing the completion of certain street work to be performed by the principals.

The defendants Frank L. Meline and Leonore M. White, together with Leslie C. Speer, as joint trustees for the Franklin Park Company, owners of a certain tract of land within the city limits of plaintiff, submitted to plaintiff for filing and acceptance a subdivision map, designating the property as tract number 7982, for the purpose of laying said tract out in certain streets and residential lots shown on the map.

The plaintiff exacted of the said defendants and said Speer as principals, and of defendant Frank L. Meline and one Violet Reed Urson, as sureties, a bond, which was executed by the principals and the sureties on June 14, 1924. Said bond provided in part as follows:

"The Condition of the above obligation is such that said principal and sureties do jointly and severally agree to construct, install and to complete such construction and installation within a period of three (3) years from the date hereof, such curbs and gutters as may be required by the City of Los Angeles or the proper officers thereof in that certain tract of land known as the Franklin Park Tract, being Tract No. 7982, such construction work to be performed in accordance with the specifications for said type of construction on file in the office of the City Engineer of said City and under the supervision of said City Engineer, and subject to his approval, then the above obligation to be void, otherwise to remain in full force and virtue."

The work contemplated by said bond not having been fully performed by January 24, 1928, the plaintiff required a further bond, which was executed by defendants Frank L. Meline, Leonore M. White and Henry Lichtig as joint trustees of the Franklin Park Company, as principals, and by said American Surety Company of New York as surety, which bond was in part as follows:

"The condition of the foregoing obligation is such that

"Whereas, the said Principals, on June 14th, 1924, executed a Personal bond in the sum of ten thousand ($10,000.00) dollars, under which they bound themselves to grade, curb and pave certain streets in Tract No. 7982, known as Franklin Park, within a period of three years from that date, and

"Whereas, the largest portion of the street improvement work referred to in said bond has been completed and said Principals have asked for an extension of time in which to

complete the unfinished portion; which consists in grading, curbing and surfacing with oil the streets that have not been completely improved; the work to be done in a manner satisfactory to the Board of Public Works of said City.

"Now Therefore, if the incompleted work herein referred to is finished in the manner described on or before December 1st, 1929, then the obligation of this bond shall be null and void, otherwise it shall remain in full force and effect."

The trial court found that the principals under the original bond had, up to January 24, 1928, constructed all curbs and gutters theretofore required by the City of Los Angeles or the proper officers thereof, but in that time had developed only portions of the tract in question for subdivision purposes; that the bond of January 24, 1928, which is the one here sued upon, was conditioned upon the faithful performance of all work, matters and things required by the original bond of June 14, 1924, which consisted of the construction of such curbs and gutters as should be *required by the City of Los Angeles or the proper officers thereof,* to adequately care for the drainage of all storm waters resulting from further construction in the improvement of said tract 7982.

It is the claim of appellant that the bond of January 24, 1928, bound respondents to complete, within the time allotted by the terms of the bond, all grading, curbing and surfacing with oil of the streets that remained unimproved in said tract at the time of the execution of the bond last named; while respondents contend that both bonds must be considered together, and that the measure of respondents' obligations to construct and improve the streets in question was dependent upon *requirements made therein by the City of Los Angeles, or the proper officers thereof.*

The record fails to disclose any testimony showing that after the execution of the last bond and up to the time the action was commenced thereon, the City of Los Angeles or its officers requested or required respondents to do any street construction work in the tract named in the bonds.

We find ourselves in accord with the contentions advanced by respondents. Clearly, the original bond of June 14, 1924, bound the principal and sureties thereon to construct, install and complete such construction of such curbs and gutters as might be required by the City of Los Angeles or the proper officers thereof; while the subsequent bond of January

24, 1928, recites the execution of the previous bond in 1924, refers to the conditions thereof, and then sets forth the fact that while the largest portion of the street improvement work referred to in the prior bond had been completed, the principals desired an extension of time in which to complete the unfinished portion. In the event the uncompleted work was not finished by December 1, 1929, then the principals and surety would become liable under their bond. To what uncompleted work, therefore, did the bond of 1928 refer? It referred to the uncompleted work mentioned in the original bond of 1924. Of what did this uncompleted work consist? It consisted, in our opinion, of the construction and installation of such curbs and gutters *as may be required by the City of Los Angeles or the proper officers thereof.* The record is barren of any evidence showing any requirements on the part of appellant city or its officers up to the time of the commencement of this action upon respondents to complete any curbs or gutters. The last-named bond, and the one upon which this action was predicated, discloses no intention to increase the obligations of either the principals or the surety, but merely to renew their obligation to do what they had originally agreed to do; that is, to construct such curbs and gutters as might be required from time to time by the City of Los Angeles or the proper officers thereof. The trial court, therefore, was correct in its conclusion that at the time of the commencement of this action there remained no construction work required by the terms of the bond uncompleted, because the City of Los Angeles had made no requirement of either the principals or the surety to do any such construction work.

We find it unnecessary to pass upon other points raised upon this appeal.

The judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.